ISABEL RODRÍGUEZ, Plaintiff and Appellee, v. EMILIA SUÁREZ LÓPEZ ET AL., ETC., Defendants and Appellants.

No. 10184. Argued June 8, 1950.—Decided July 7, 1950.

*Guillermo S. Pierluisi* for appellants.   *Benigno Pacheco Tizol* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The plaintiff appellee, Isabel Rodríguez, filed in the District Court of Bayamón a petition for an injunction to recover possession in order to restrain the defendants from obstructing the entrance to, exit from, use, and possession of a dirt road which, branching off the main highway in the

stretch from Caguas to Río Piedras, crosses defendants' property and passes through her own. The lower court granted the petition holding that the aforesaid road "was always used by the plaintiff and other persons to go into and out of their properties and that lately the defendants have obstructed and prevented such traffic thereon."

The defendants appealed from said judgment assigning five errors, to wit: (1) in not deciding that the complaint failed to state facts sufficient to constitute a cause of action, quite especially against the minor defendants, inasmuch as it does not appear from any of its allegations that the defendant Emilia Suárez López was the mother with *patria potestas* over the minors, no allegation disclosing their respective ages or stating that the codefendant Emilia Suárez López was empowered to bind said minors through her personal and tortious acts; (2) in rendering judgment against the minors in the absence of evidence against the latter in support thereof; (3) in deciding that the plaintiff was entitled to the use of the road without taking into account the fact that the mere consent and tolerance to pass over a road, does not entail the right to an injunction to recover possession; (4) in not considering certain deeds offered in evidence; and (5) that the judgment is contrary to the law and to the evidence, the lower court having acted with partiality.

██ In the amended complaint it is alleged in essence that Tiburcio Rodríguez Díaz, plaintiff's father, as well as plaintiff herself, from time immemorial and within the year preceding the filing of the complaint, were always in possession of the road described therein;[1] that at all times they enjoyed transit thereon, on foot and otherwise; that said road was always used as an entrance to and exit from, the main property, the one sold by her father to defendant Francisco García Figueroa and other property owned by the seller, today

---

[1] The road is more clearly described in the stipulation filed by the parties.

belonging to the plaintiff, which was closed in after said sale; that the property of the defendants was utilized by her father in going to and coming from the closed-in properties; that during the last three months the defendants have not permitted plaintiff and her family to use said road or motor vehicles going to plaintiff's residence to enter or pass thereon, thus obstructing and disturbing plaintiff and her family and friends visiting her in the use of the aforesaid way of communication; and that plaintiff's as well as defendants' properties originally formed part of the same property.

The complaint clearly alleges a good cause of action against all the defendants since it alleges, as we have said, that within the year next preceding the filing of the complaint, the latter have obstructed and disturbed plaintiff in the use and enjoyment of the road, as well as the remaining grounds on which the latter bases her appeal. The phrase "the defendants" used in the complaint clearly comprises the minors, in spite of the fact that the specific acts of disturbance of said minors are not alleged therein.

Plaintiff's evidence tended to show that her grandfather owned a property of about 20 cuerdas of land; that when the latter died, the property passed to Tiburcio Rodríguez Díaz, her father; that the latter sold to defendant García Figueroa a parcel of 5.65 cuerdas as well as another parcel of five cuerdas to Julio Rosario and a strip of land of a little less than one-half cuerda to Faustino Sotomayor, while at present she is in possession of the remainder of the original property; that her grandfather, as well as her father, in order to go to and come from one side of the main property to the other utilized a road which crossed the latter; that when her father sold the 5.65 cuerdas to García Figueroa, the former kept using said road and that subsequently she has always continued to pass by that road.

A joint construction of the averments of the complaint and the evidence introduced in support thereof does not lead

to the conclusion that plaintiff's injunction to recover possession was based on the mere consented and tolerated use of the road. On the contrary, the ones as well as the other tended to show that her action was grounded on the provisions of § 477 of the Civil Code, 1930 ed., and in the construction accorded thereto by this and other courts. Said Section provides that:

"The existence of any apparent sign of servitude between two tenements established by the owner of both of them, shall be considered, if one of them be alienated, as a title, in order that the servitudes may continue actively and passively, unless, at the time of the division of the ownership of both tenements, the contrary be expressed in the deed of conveyance of either of them, or if the said sign is removed before the execution of such instrument."

We have construed this Section in the sense that it is applicable not only when the original owner of two tenements establishes a servitude over one of them, but also when on a property owned by a single owner the latter establishes in favor thereof an apparent sign which, when part of the main property is sold to a third person, becomes a servitude. *Margarida* v. *Casalduc*, 65 P.R.R. 391; *McCormick* v. *Vallés*, 55 P.R.R. 219. See also the judgment of the Supreme Court of Spain of April 10, 1929, 188 *Jurisprudencia Civil* 880. Such is the case, of course, provided that when the property is separated from the two tenements or part of the main property is sold, the deed of conveyance does not express the contrary or the aforesaid servitude is not removed prior to the execution of the deed.

If according to the evidence introduced by the plaintiff her grandfather was the owner of a larger property which subsequently went to her father and still later on, in part, to herself, and if her grandfather, as well as her father and she, have enjoyed the road which previously crossed the entire property and which now crosses defendants' property, such enjoyment is not an act of mere tolerance.

■ The fact. that it was stated in the deed by which plaintiff's father sold the 5.65 cuerdas of land to defendant García Figueroa that said property was being sold free from liens and without any reservation or limitation and that subsequently García Figueroa likewise set forth in the deed of conveyance to the minors that he was selling the same property to them free from liens, does not have the scope that the defendants intend to give it. If the road was established by plaintiff's predecessors, the mere statement in the deed of conveyance that it is being sold free from liens is not enough to prevent her from continuing to enjoy the servitude. In order that a servitude in a case like the one at bar does not continue to subsist after the alienation or division, it is indispensable that the contrary be specifically set forth, or that the sign be removed. Decision of the Supreme Court of Spain of February 6, 1904, 97 *Jurisprudencia Civil* 291; Manresa, Spanish Civil Code, volume IV, 5th edition, 1931, p. 568, wherein commenting § 541 of the Spanish Civil Code, which is identical with § 477 of our Code, this able doctrinal writer says:

". . . the statement to the contrary consigned in the title must be special, clear; and decisive. *It is not enough to say that the property is free from liens when the servient tenement is alienated,* as decided by the Supreme Court in the judgment of July 10, 1880." (Italics ours.)

The commentator Scaevola in volume 10 of his Commentaries to the Spanish Civil Code, states on p. 286, referring to the aforesaid Section, that:

"The statement must be explicit; it should leave no doubt as to the nonexistence of the servitude. That is, this must be specifically set forth, the generic statement that the property is being conveyed without any encumbrance or servitudes of any sort not being enough, not only because such statement could be applicable to the servitudes which might exist between the entire property, between the juridical unity determined by

the consolidated ownership and other properties alien thereto, but also because the Section implicitly requires a specific statement with respect to the existing sign."

Therefore, we repeat, the fact that when plaintiff's father sold the 5.65 cuerdas he expressed in the deed of conveyance that the parcel was being sold free from liens and that García Figueroa inserted an identical statement in the deed of sale to the minors, did not deprive plaintiff in any way whatsoever of her right to continue the use of the servitude. On the other hand, the fact that those deeds have been recorded as aforesaid, does not preclude the servitude created as already noted to continue subsisting. Decision of the Supreme Court of Spain of July 4, 1925 (167 *Jurisprudencia Civil* 467).

▮▮▮▮ The purpose of an injunction proceeding to recover possession, as is well known, is to protect the fact of possession, without prejudicing the rights of interested parties. *Martínez* v. *Martínez*, 68 P.R.R. 191; *Otero* v. *Sales*, 68 P.R.R. 254; *Maldonado* v. *Colón*, 68 P.R.R. 317; *Rivera* v. *Cancel*, 68 P.R.R. 339; *Mena* v. *Llerandi*, 70 P.R.R. 163; *Martorell* v. *Municipality*, 70 P.R.R. 358. It is this proceeding that protects every possessor when he is obstructed or disturbed in the enjoyment of his possession (§ 375, Civil Code, 1930 ed.)[2]; 3 Planiol y Ripert, *Derecho Civil Francés*, § 186, p. 176. In a possessory injunction the deed of sale of the real property is admissible in evidence, provided it is not introduced for the purpose of proving title or any right to possession. *Avila* v. *Náter*, 60 P.R.R. 624. It is also admissible to give color to plaintiff's possession as a matter of fact. *Cf. Buxeda* v. *Escalera*, 47 P.R.R. 610; *Arrache* v. *Méndez*, 43 P.R.R. 559. Under those circumstances the lower court acted correctly in admitting in evi-

---

[2] Section 375 of the Civil Code, 1930 ed., provides:

"Every possessor has a right to be respected in his possession; and if he be disturbed therein, he shall be protected or reinstated in such possession by the means established in the laws or procedure."

dence the deed of sale of January 26, 1934 in which plaintiff's predecessor sold to Francisco García Figueroa the parcel of 5.65 cuerdas, through which the road in question passes, and the deed of December 31, 1938 in which García Figueroa sold to the minor children of the codefendant Emilia Suárez López said parcel. The fact that in its opinion the lower court made no reference, whatever to those deeds, however, should not be a ground for reversal if its final conclusion is correct. An appeal is taken from the judgment and not from the grounds set forth in the opinion. *Rosario v. Suárez*, 67 P.R.R. 552; *Ex parte Montalvo*, 70 P.R.R. 437.

An examination of the evidence convinces us that the judgment is supported thereby, and we have not been convinced on the other hand that the court acted moved by partiality.

■ Now, since the evidence introduced by the parties failed to show that the defendant minors obstructed or disturbed in any way the plaintiff in the use and enjoyment of the road involved in the injunction, judgment against them should not have been entered.

The judgment will be modified so as to dismiss the complaint as to the defendant minors, and thus modified, affirmed.